IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  No. 4:20-CR-00075-MPM-JMV-1

LARVOIECA JONES  DEFENDANT

### ORDER

Presently before the Court is Defendant Larvoieca Jones' Pro Se Motion to Reduce Sentence/Compassionate Release [66]. The Government opposes the requested relief. This Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

### RELEVANT BACKGROUND

On October 8, 2020, a grand jury indicted Larvoieca Jones for (1) intentional conspiracy and possession with intent to distribute more than five kilograms of cocaine and (2) money laundering. The parties reached a plea agreement, and Mr. Jones pled guilty to the money laundering charge. These charges arose from a series of events that took place between August and September of 2018 involving a scheme to move drug proceeds from Mississippi to Texas and into Mexico.

During a sting operation between a confidential source and an intermediary of Mr. Jones, police officers recovered $675,765 in cash linked to Mr. Jones' drug operations. The case agent indicated that numerous state and local sources identified Mr. Jones as a significant supplier of cocaine and marijuana throughout Northern Mississippi and that Mr. Jones was involved in directing and organizing the distribution. The agent stated that there is evidence that Mr. Jones was

responsible for at least eight-five (85) kilograms of cocaine in this case, as well as possession of at least $700,000. The agent also opined that, in addition to drug trafficking, Jones may have also been involved with a prostitution ring.

At sentencing, Mr. Jones had a Criminal History Category of I with a total offense level of 31. As a result, Mr. Jones' sentencing guideline range was 108 to 135 months on Count 2 of money laundering. On June 16, 2022, this Court sentenced Mr. Jones for a term of 120 months, with supervised release for a term of three (3) years. According to the Bureau of Prisons' ("BOP") website, Mr. Jones' anticipated release date is November 26, 2027.[1]

As to Mr. Jones' medical status, he currently suffers from hypertension, high cholesterol, alcohol use disorder, depression, anxiety, dermatitis, amblyopia, asthma, and sciatica. Mr. Jones consistently receives medical care for these conditions, which includes taking various medications daily.

Regarding Mr. Jones' criminal history, he was convicted for possession of ten (10) pounds of marijuana with intent to distribute in 2009, and, in 2013, he was convicted of possession of marijuana in a motor vehicle. While incarcerated, Mr. Jones also violated various BOP regulations, including refusing a work assignment, being absent from an assignment, and possessing a cell phone.

On September 9, 2024, Mr. Jones filed a Pro Se Motion to Reduce Sentence/Compassionate Release. Mr. Jones argues that his medical condition and the BOP's health care—when combined with the threat of COVID-19—constitute extraordinary and compelling reasons that warrant a

---

[1] In the Government's Response to Defendant's Pro Se Motion for Sentence Reduction, they state Mr. Jones' release date as April 1, 2029. However, this Order reflects the release date as currently indicated on the Bureau of Prisons' website.

sentence reduction. Mr. Jones also claims he is eligible for sentence reduction under U.S.S.G. § 1B1.10(d), U.S. Sentencing Amendment 821, and U.S.C. § 3582(c)(2). Lastly, Mr. Jones argues that his "exemplary rehabilitation" while incarcerated qualifies as an extraordinary and compelling reason. Therefore, Mr. Jones believes the Court should grant him compassionate release to reduce his sentence or place him on home confinement.

## DISCUSSION

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). The statutory framework for modifying a final judgment is outlined in 18 U.S.C. § 3582.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code permits the Court to modify a term of imprisonment once it has been imposed if it finds that (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility," (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must take into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, the applicable policy statement, states that the court has the discretion to "reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a)(1)(A).

3

Section 1B1.13(b) of the U.S.S.G. sets forth the criteria for determining what qualifies as "extraordinary and compelling reasons." These include medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, other reasons, and an unusually long sentence. U.S.S.G. § 1B1.13(b).

### I.  Mr. Jones' Medical Conditions

Mr. Jones argues that his medical conditions and the BOP's health care, when combined with the threat of COVID-19, constitute extraordinary and compelling reasons that warrant a sentence reduction. For medical conditions to qualify as a "extraordinary and compelling reason" under § 1B1.13(b) of the U.S.S.G., a defendant must be "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and from which the defendant "is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i), (iv). This section also states that extraordinary and compelling reasons exist if:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). The policy statement in U.S.S.G. § 1B1.13 may guide a court's discretion, but it is not a binding constraint when considering compassionate release. *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021).

As of December 10, 2024, Mr. Jones suffers from hyperlipidemia, alcohol use disorder, depression, anxiety, hypertension, asthma, sciatica, and dermatitis. The Presentence Investigation Report ("PIR") stated that Mr. Jones has high blood pressure, heart problems, and high cholesterol.

4

It does not appear that Mr. Jones' medical records have materially changed since the time of sentencing, nor is his current medical situation one that substantially diminishes his ability to provide self-care while incarcerated or from which he is not expected to recover.

Additionally, since being incarcerated, Mr. Jones has received continuous, consistent, and extensive medical treatment. He has been visited by cardiology specialists, and they are monitoring his heart conditions. Mr. Jones has also been prescribed various medications to combat his illnesses. However, it has been reported that Mr. Jones "rarely gets out of bed" to take his vitamin D and aspirin and has constantly refused his flu vaccination. This appears to contradict Mr. Jones' expressed health concerns.

His medical records show no evidence of particularly serious and severe medical conditions that would warrant release. Therefore, Mr. Jones does not suffer from illnesses to the extreme extent required by § 1B1.13(b)(1)(B), and, based on his medical records, there is not an extraordinary or compelling medical reason warranting sentence reduction.

Mr. Jones also argues that he is housed at a correctional facility affected or at imminent risk of being affected by COVID-19. Mr. Jones believes that his medical conditions in combination with the threat of contracting Covid qualify as an "extraordinary and compelling reason."

Mr. Jones has a right to be concerned about his health and wellbeing. However, there is no evidence of an "ongoing outbreak of infectious disease, or an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(b)(1)(D). Furthermore, there is no evidence that Mr. Jones has contracted Covid since being incarcerated, or that he faces a serious threat of contracting the virus currently.

If the threat of Covid, as it applies to Mr. Jones' medical condition, was sufficient to justify compassionate release in this case, it would set a precedent that could open the floodgates for

5

numerous other individuals to claim eligibility for similar relief. Additionally, it appears that Mr. Jones was aware of his medical conditions and the threat of Covid at the time of sentencing, yet these concerns were not presented before the Court. Therefore, U.S.S.G. § 1B1.13(b)(1)(D) is not applicable and offers no method for compassionate release to Mr. Jones.

## II.     Exemplary Rehabilitation

Mr. Jones argues that his exemplary rehabilitation should be combined with his medical condition under U.S.S.G. § 1B1.13(d). Pursuant to U.S.S.G. § 1B1.13(d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason. U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* This Court has previously stated that Mr. Jones' medical conditions do not meet the standard necessary to invoke § 1B1.13(b)(1)(B).

Even so, although Mr. Jones' rehabilitation efforts are commendable, they are not extensive enough to be considered "exemplary." Mr. Jones has enrolled and participated in over seven (7) educational/vocational programs, is a full time GED student, and is fully employed. However, this does not rise to a level beyond normal rehabilitation. Additionally, Mr. Jones does not have a "spotless" BOP record. Namely, Mr. Jones has violated BOP regulations by refusing a work assignment, being absent from an assignment, and possessing a cell phone. Therefore, Mr. Jones' level of rehabilitation does not meet the standard for compassionate release.

## III.    Application of Amendment 821

Mr. Jones argues that he is eligible for sentence reduction pursuant to 18 U.S.C § 3582(c)(2) under U.S. Sentencing Guideline Amendment 821. Amendment 821 to the U.S. Sentencing Guidelines, adopted in November 2023, introduced significant changes to the calculation of

6

criminal history and offense levels. Parts A and B of Amendment 821 were included in U.S.S.G. § 1B1.10(d) list of amendments which can be applied retroactively. U.S.S.G. § 1B1.10(d). Part C was not. *Id.* Part A of this amendment modifies the calculation of "status points" under U.S.S.G. § 4A1.1. U.S.S.G. § 1B1.10 cmt. n.7. Previously, two criminal history points were added if a defendant committed an offense while under a criminal justice sentence. Under the amendment, status points are now only applied if the defendant has seven or more criminal history points before adding status points, and only one point is added instead of two. U.S.S.G. § 4A1.1(e).

Here, Mr. Jones did not receive any status points for committing his crimes while serving a post-sentence supervision term under U.S.S.G. § 4A1.1(d) (now designated as § 4A1.1(e)). Therefore, Mr. Jones does not qualify for a sentence reduction under Part A.

Part B of this amendment introduces a new guideline, U.S.S.G. § 4C1.1, which provides a two-level reduction in the offense level for "zero-point offenders." U.S.S.G. § 1B1.10 cmt. n.7. The first criterion of the new adjustment is that "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). Mr. Jones had a criminal history point assigned under Chapter Four, Part A of the Sentencing Guidelines; therefore, he would not qualify for application of § 4C1.1.

### IV.  18 U.S.C. § 3553(a) Sentencing Factors

Lastly, the Court will address whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release. Under both 18 U.S.C. § 3582(c) and U.S.S.G § 1B1.13(a), a sentence reduction may only be granted after the court has considered the factors outlined in 18 U.S.C. § 3553(a). The court must take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment

7

for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ochoa*, 521 F. App'x 328, 331 (5th Cir. 2013); *see also* 18 U.S.C. § 3553(a). "[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Here, Mr. Jones was indicted for conspiracy and intentional distribution of more than five (5) kilograms of cocaine and money laundering. However, Mr. Jones was responsible for 25 kilograms and up to 85 kilograms of cocaine. Mr. Jones' drug trafficking operations appear to have persisted for approximately seven or eight years. Additionally, Mr. Jones has prior involvement in marijuana trafficking, for which he served time under house arrest. However, it is apparent that this did not deter him from continuing his criminal endeavors and becoming involved in the trafficking of an even more dangerous drug. While incarcerated, Mr. Jones has also managed to violate multiple BOP regulations.

The sheer volume of drugs and large sums of money involved in this case clearly demonstrate that Mr. Jones poses a danger to both individuals and the broader community. The exposure of the community and Mr. Jones' family to a potential drug organization of this magnitude is a very serious matter.

To date, Mr. Jones appears to have faced relatively minimal consequences for his involvement in previous drug trafficking incidents. Accordingly, it is appropriate that he serve the remainder of his sentence. Doing so reinforces respect for the law, serves as a deterrent to future criminal conduct, and promotes public safety.

Moreover, continued incarceration will afford Mr. Jones further opportunities for rehabilitation. He may participate in additional educational programming, continue to pursue his GED if he has not yet obtained one, receive necessary medical treatment, and engage in vital substance abuse treatment. Lastly, there remains a significant risk of recidivism. Mr. Jones has a documented history of reoffending, and neither his age nor his level of rehabilitation supports the conclusion that the likelihood of future criminal conduct is "remote."

Mr. Jones bears the burden of persuasion regarding compassionate release. *United States v. Crandle*, No. CR 10-35-SDD-RLB, 2020 WL 2188865 (M.D. La. May 6, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."). Mr. Jones has failed to show the existence of extraordinary and compelling reasons regarding his health. Furthermore, Amendment 812, Parts A and B are inapplicable to Mr. Jones' situation. Therefore, the Court finds that granting Mr. Jones' motion for compassionate release is inappropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Larvoieca Jones' Pro Se Motion to Reduce Sentence/ Compassionate Release [66] is **DENIED**.

**SO ORDERED**, this 25th day of June 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI